**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL E. MCCARTNEY;
MARGARET R. MCCARTNEY,
<u>Plaintiffs-Appellants,</u>

v.

WILD WORLD HOLDING,
INCORPORATED, Individually and
General Partner, a/k/a Recreational
Wild Life Park Associates, Limited
Partnership, d/b/a Wild World, d/b/a
Wild World Amusement Park,
<u>Defendant-Appellee,</u>

and

TIERCO MARYLAND, INCORPORATED,
d/b/a Wild World, d/b/a Wild
World Amusement Park;
RECREATIONAL WILD LIFE PARK
ASSOCIATES, LIMITED PARTNERSHIP,
d/b/a Wild World, d/b/a Wild
World Amusement Park; WILD
WORLD HOLDING II, INCORPORATED,
d/b/a Wild World, d/b/a Wild
World Amusement Park; WILD
WORLD, INCORPORATED, d/b/a Wild
World, d/b/a Wild World
Amusement Park,
<u>Defendants.</u>

No. 95-2167

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Jillyn K. Schulze, Magistrate Judge.
(CA-92-2610-PJM)

Argued: April 3, 1996

Decided: May 6, 1996

Before WILKINSON, Chief Judge, and NIEMEYER and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Alan Franklin Post, ALAN F. POST, CHARTERED, Bethesda, Maryland, for Appellants. Howard Ashworth Wolf-Rodda, NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee. **ON BRIEF:** Andrew Robertson, ALAN F. POST, CHARTERED, Bethesda, Maryland, for Appellants. R. Wayne Pierce, NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The appellants/plaintiffs, Michael and Margaret McCartney (the plaintiffs), appeal the denial of their motion for a new trial following an adverse jury verdict in their tort action against an amusement park to recover damages resulting from Michael McCartney's knee injury while riding a water slide ride at the amusement park. We affirm.

I.

On May 29, 1989, the plaintiffs, husband and wife, took their four children to Wild World Amusement Park (the Park) in Largo, Mary-

2

land for a family outing. Sometime during the day, Michael McCartney decided to ride a water slide ride at the Park known as the Rainbow Zoom. The Rainbow Zoom consisted of four separate slides that began at an elevated platform some thirty-five or forty feet above a splash pool, at which each slide terminated. Michael McCartney chose to ride down the most benign of the four slides.

Michael McCartney climbed the stairs leading to the top of the Rainbow Zoom. He then sat facing forward in the slide and let the slide carry him to the splash pool. Upon entering the splash pool, Michael McCartney's feet dropped and landed on the rubber padding at the bottom of the splash pool. His right foot stopped when it hit the rubber padding and remained there while the rest of his body continued forward in the water, causing injury to his right knee.

The plaintiffs subsequently filed a civil action in Maryland state court against the Park,* alleging that the Park's negligent operation and maintenance of the water slide ride proximately caused Michael McCartney's knee injury and the damages flowing from that injury, such as medical expenses and loss of consortium. The Park removed the case to federal court. After considerable discovery and other pre-trial proceedings, the parties agreed to have the case tried by a jury before a magistrate judge.

At trial, from the beginning to the end, the plaintiffs built their case around the testimony of their expert witness, Robert Weiner (Weiner), an aquatic amusement ride engineer. In their opening statement, plaintiffs' counsel told the jury that their expert witness would testify that, although the Rainbow Zoom had been designed as a safe ride, it was not built or operated safely and this combination caused Michael McCartney to injure his knee.

Weiner testified as promised. Initially, he testified that he had reviewed the construction blueprints of the Rainbow Zoom, personally inspected it, reviewed statements made by the plaintiffs and the Park employees, and examined the medical evidence. He then testi-

_____

*The plaintiffs also filed suit against several other entities, which were all dismissed early in the litigation. These parties are not involved in this appeal.

3

fied about the general design of water slides of this type, including the industry standard that requires a water slide ride to decelerate the rider at the end of the ride with a "hydraulic jump." According to Weiner, a hydraulic jump is created when the water traveling down the slide meets a higher level of water in the splash pool. The hydraulic jump, signified by white water, allows the rider to enter the splash pool in a seated position, scoots him across the water, and then gradually allows him to sink to the bottom. Weiner illustrated his testimony with diagrams.

Based on his first-hand observation of the Rainbow Zoom's construction and the plaintiffs' testimony that on May 29, 1989, the water level in the splash pool was below the lip of the end of the slide, Weiner concluded that no hydraulic jump was present on that day. This, Weiner testified, did not meet the standard of care in the industry for operating a water slide and caused Michael McCartney's injury.

In closing argument, plaintiffs' counsel developed a negligence theory around Weiner's testimony: "The failure to have that white water there constitutes negligence, and is the cause of his injury, and on that basis ladies and gentlemen, I will ask and hope that when you conclude your deliberations, you will bring in that you must find for the plaintiff [sic] . . . ." (J.A. 423).

The Park's case consisted mostly of the testimony of former employees that the Park had operated the splash pool at the proper water level on the date of Michael McCartney's knee injury. Additionally, the state amusement ride inspector testified that an inspection three days before Michael McCartney was injured revealed that the Rainbow Zoom was constructed and being operated in conformity with state regulations.

The jury returned a verdict in favor of the Park. The plaintiffs moved for a new trial on the basis that the magistrate judge erroneously denied their request to give the jury a res ipsa loquitur instruction. The magistrate judge denied the motion in a Memorandum Opinion and Order. The plaintiffs filed a timely notice of appeal.

4

II.

The plaintiffs challenge the magistrate judge's denial of their motion for a new trial based on the magistrate judge's failure to instruct the jury on res ipsa loquitur. We review the denial of a motion for a new trial for abuse of discretion. See In re Wildwood Litigation, 52 F.3d 499, 502 (4th Cir. 1995).

Because this is a diversity case, Maryland law applies to decide whether the magistrate judge committed error by refusing to instruct the jury on res ipsa loquitur. See Travelers Ins. Co. v. Riggs, 671 F.2d 810, 815 (4th Cir. 1982). In Maryland, res ipsa loquitur "means that in an appropriate case the jury will be permitted to infer negligence on the part of a defendant from a showing of facts surrounding the happening of the injury, unaided by expert testimony, even though those facts do not show the mechanism of the injury or the precise manner in which the defendant was negligent." Meda v. Brown, 569 A.2d 202, 205 (Md. 1990). Maryland law requires that three criteria be met before a plaintiff is entitled to an instruction on res ipsa loquitur:

> "1. A casualty of a sort which usually does not occur in the absence of negligence.
>
> 2. Caused by an instrumentality within the defendant's exclusive control.
>
> 3. Under circumstances indicating that the casualty did not result from the act or omission of the plaintiff."

Id. at 204 (quoting Chesapeake & Potomac Tel. Co. v. Hicks, 337 A.2d 744, 752 (Md. 1975)). If the jury could reasonably find that each element of this tripartite test is met, then, except in one identified situation, the plaintiff is entitled to an instruction on res ipsa loquitur.

That one identified situation is when the plaintiff offers direct proof of negligence. See Dover Elevator Co. v. Swann , 638 A.2d 762, 765 (Md. 1994). In Dover Elevator Co., the court explained that "[a] plaintiff's reliance on res ipsa loquitur is generally necessitated . . .

5

by the fact that direct evidence of negligence is either lacking or solely in the hands of the defendant." Id. Because the doctrine is intended to protect a plaintiff who lacks direct evidence of negligence, a plaintiff's "`attempt to establish specific grounds of alleged negligence precludes recourse to the doctrine of res ipsa loquitur.'" Id. (quoting Smith v. Bernfeld, 174 A.2d 53, 57 (Md. 1961)).

Dover Elevator Co. itself serves as an example of when a plaintiff, having undertaken to establish specific grounds of the defendant's alleged negligence, will be considered to have foregone reliance on res ipsa loquitur. The plaintiff in Dover Elevator Co. was injured by a misleveled elevator. Id. at 764. At trial, the plaintiff offered expert testimony from an elevator consultant and engineer who testified that the defendant was negligent in maintaining and servicing the elevator, and that its negligence proximately caused the plaintiff's injury. Id. During his testimony, the expert rendered an opinion to a "reasonable degree of engineering probability" as to the proper and reasonable course of action that should have been taken by the defendant, but was not, in repairing a particular malfunctioning part on the elevator. Id. at 767. The court approved the trial court's refusal to instruct on res ipsa loquitur, holding that the plaintiff's expert had given a complete explanation of the specific causes of the misleveling. Id. at 766. The court then stated that:

> even if we were to accept the premise that the plaintiff's expert witness did not seek to furnish a complete explanation of this elevator's misleveling, he drew his own inferences of negligence . . . from his on-site inspection and his examination of the records presented to [the plaintiff] during discovery. He then presented to the jury his expert opinion that the misleveling would not have occurred if Dover had exercised due care.

Id. at 773.

The doctrine of res ipsa loquitur is likewise not applicable here. As the plaintiff in Dover Elevator Co., the plaintiffs in the instant case attempted to give a complete explanation of the Park's negligence through their expert witness, and therefore, they have foregone reliance on res ipsa loquitur. Furthermore, even if we were to accept the

6

premise that Weiner did not seek to furnish a complete explanation of the cause of Michael McCartney's knee injury, Weiner drew his own inferences of negligence from his on-site inspection of the Rainbow Zoom and from his examination of its blue prints, the plaintiffs' accounts of the water level on the day of injury, and the medical evidence. He then presented the jury with his expert opinion that Michael McCartney's knee injury would not have occurred had the Park exercised due care.

This is not the type of case where direct evidence of negligence was "either lacking or solely in the hands of the defendant." Dover Elevator Co., 638 A.2d at 765. Because the doctrine is intended to protect a plaintiff who lacks direct evidence of negligence, the plaintiffs' attempt to establish specific grounds of alleged negligence precluded their recourse to the doctrine of res ipsa loquitur. See id. In light of this absolute bar to the plaintiffs' reliance on res ipsa loquitur, we need not decide whether this case otherwise satisfied the tripartite test.

In sum, we hold that the magistrate judge properly refused to instruct the jury on res ipsa loquitur.

III.

The plaintiffs also seek reversal on two other bases. First, they contend that the magistrate judge erroneously gave the jury a "mere happening" instruction. Second, they contend that the magistrate judge erroneously allowed one of the Park's witnesses, Fred Beall, to testify to a fact that the plaintiffs assert was inconsistent with an answer the Park gave to an interrogatory during pretrial discovery. We have considered both of these assignments of error and find them to be without merit. Accordingly, the judgment below is affirmed.

AFFIRMED

7